**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TOM MENSER, as Parent and Natural
Guardian for Eric Menser, Age
Fourteen (14), A Minor,
<u>Plaintiff-Appellant,</u>

v.

No. 96-2049

WAL-MART STORES, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-94-320-3-0)

Submitted: November 21, 1996

Decided: December 6, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tom Menser, Appellant Pro Se. John Edward Cuttino, TURNER,
PADGET, GRAHAM & LANEY, P.A., Columbia, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant initiated this civil suit after his minor son was detained in Appellee's store on suspicion of shoplifting and asserted the following claims: false imprisonment, malicious prosecution, intentional infliction of emotional distress, assault and battery, negligence, and libel and slander. At the close of all the evidence, the district court granted the Appellee's motion for a directed verdict on Appellant's claims of intentional infliction of emotional distress, negligence, and slander. Appellant voluntarily withdrew his libel claim. The jury returned a unanimous verdict in favor of the Appellee on the remaining claims. On appeal, Appellant challenges both the directed verdict and the jury's verdict. Finding no reversible error, we affirm.

We review de novo the grant of a motion for a directed verdict. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). In construing a motion for a directed verdict, the district court must evaluate the evidence in the light most favorable to the non-moving party. Garraghty v. Jordan, 830 F.2d 1295, 1302 (4th Cir. 1987). The district court must direct a verdict if, without weighing the evidence or considering the credibility of the witnesses, it finds that a reasonable jury could reach but one conclusion or that a verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture. Gairola, 753 F.2d at 1285; Ford Motor Co. v. McDavid, 259 F.2d 261, 266 (4th Cir.), cert. denied, 358 U.S. 908 (1958).

Our review of the record reveals that the evidence presented at trial failed to satisfy the elements required of actionable claims of intentional infliction of emotional distress, negligence, or slander. Therefore, these claims were properly withdrawn from the jury.

On Appellant's remaining claims, the parties' versions of the events precipitating this action were contradictory; we will not review

2

the jury's determination of the witnesses' credibility, nor will we weigh the evidence anew. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989). Accordingly, we affirm the district court's entry of judgment for Appellee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3